RECEIVED
IN ALEXANDRIA, LA
NOV 2 0 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDWIN PATRICK DEVILLIER | CIVIL ACTION NO. 09-00263 |
| VERSUS | |
| UNITED STATES OF AMERICA, et al. | DISTRICT JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a complaint filed by Edwin Patrick Devillier ("Devillier") pursuant to the Federal Torts Claim Act ("FTCA"). Devillier contends he suffered bodily injury as well as pain and suffering after being shot in the right shoulder by a prison guard at United States Penitentiary at Pollock, Louisiana ("USP Pollock"). Named as defendants to the suit are the United States of America, the Department of Justice and the Federal Bureau of Prisons. Devillier seeks a judgment in the amount of $500,000 plus court costs.

The defendants' filed a Motion to Dismiss (Doc. Item 6) pursuant to Federal Rule of Civil Procedure 12(b)(1) on August 14, 2009 in lieu of an answer. To date, plaintiff has failed to file any opposition thereto. The motion is currently before the undersigned for report and recommendation.

Motion to Dismiss pursuant to 12(b)(1)

Lack of subject matter jurisdiction may be found on any one of the following basis: (1) the complaint alone; (2) the complaint

supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. <u>Robinson v. TCI/US West Communications, Inc.</u>, 117 F.3d 900 (5th Cir. 1997) (Citations omitted). In examining a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a 12(b)(1) motion should be granted only if it appears that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.

<u>Law and Analysis</u>

Devillier's complaint sets forth allegations that he joined in a prison fight as an unarmed participant and then Correctional Officer, Christopher Wright ("Wright"), shot him in the right shoulder without warning or justification. Devillier contends that Wright failed to use the requisite reasonable care to determine the extent of force necessary to control the fight and defendants are liable for Wright's negligence and the resulting damages to Devillier.

Defendants, in their motion to dismiss, contend that this case falls within the discretionary function exception, set forth in 28 U.S.C.A. §2680(a), which limits the scope of the waiver of sovereign immunity pursuant to the FTCA. Therefore, the court lacks jurisdiction and the complaint should be dismissed. The

undersigned finds that both the discretionary function exception and the intentional tort exception apply to this case.

1.

The FTCA's waiver of sovereign immunity does not extend to "[a]ny claim...based upon the exercise or performance of failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved is abused." 28 U.S.C. 2680(a). Before one can determine that the discretionary function exception applies, both prongs of the two part test established by the United States Supreme Court in <u>United States v. Gaubert</u>, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) must be satisfied.

The first prong involves determining whether the act involved an element of judgment or choice. "In other words, the Government needs to establish there was 'room for choice' in making the decision. If a 'federal statute, regulation or policy' specifically prescribes a course of action for the federal employee to follow, the employee has no choice but to adhere to the directive." <u>Ashford v. United States</u>, 511 F.3d 501, 505 (5th Cir 2007) (citations omitted). The second question before the court is whether that judgment is the kind the exception was designed to shield.

It is the plaintiff's burden to identify with specificity the mandatory statutes, regulation or directives that have allegedly

been violated. <u>United States v. Gaubert</u>, 499 U.S. at 324-325 (1991). However, as the plaintiff has failed to respond to the motion to dismiss, no such guidance has been provided. The defendants have, however, provided evidence of the Bureau of Prisons policies regarding both the use of force and the use of firearms. (Doc. Items 6-8, 6-9). The Bureau of Prisons Program Statements 5566.06, *Use of Force an Application of Restraints* (Doc. Item 6-8), initially sets forth that a staff member may only use the amount of force necessary to gain control of the inmate in order to protect the safety of the inmates and staff. The policy manual goes on to provide specific instances of when staff may use force. For example, paragraph 5a addresses immediate use of force and provides:

> Staff may immediately use force and/or apply restraints when the behavior described in §552.20 constitutes an immediate, serious threat to the inmate, staff, others, property or to the institution security and good order.[1]

(Doc. Item 6-8, p. 4)(Footnote supplied).

Additionally, the policy states that calculated use of force is always preferable to immediate use of force, but it is recognized that it is not always possible. "Staff must use common sense and good correctional judgment in each incident to determine whether the situation allows for the implementation of calculated or immediate

---

[1] The behavior described in §552.20 includes assaults on another individual, destroying government property, suicide attempts, self inflicted injury and becoming violent or displaying signs of imminent violence. (Doc. Item 6-8, p.2).

4

use of force procedures." (Doc. Item 6-8, p.5).

Bureau of Prisons Program Statements 5500.12, *Correctional Services Procedures Manual,* Chapter 7, *Firearms and Badges* (Doc. Item 6-9), provides that firearms must be used only when deemed necessary for, among other reasons, preventing loss of life or serious physical injury and maintaining or restoring control of a correctional institution. Id. at p.3. Section 702(b) of the policy manual provides in relevant part that in order to prevent loss of life or serious physical injury "[s]taff may use firearms when reasonable belief exists that the subject poses a threat of death or serious physical injury to staff, inmates or others.... Verbal warnings and warning shots are not required when the employee reasonably believes there is an imminent danger of death or serious physical injury to self or others."[2]

Though the policies regarding both use of immediate force and use of a firearm prescribe that both should be used as a last resort, the determination of whether or not such force or firearm is used is left to the judgment of the employee. Accordingly, the first prong of the test is satisfied.

The inquiry then turns to whether the decisions made were the kind the discretionary function exception was meant to shield. "An

---

[2] Reasonable belief is defined in part 700 as "facts and circumstances known to the employee at the time of the use of the firearm that would cause a reasonable employee to conclude that the action is appropriate." (Doc. Item 6-9, p. 2).

action is shielded from liability if it was 'a matter of choice for the acting employee.'" Buchanan v. United States, 915 F.2d 969, 971 (5th Cir. 1990), citing, Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed. 531, 540 (1988).

Recently, in Castro v. U.S., 560 F.3d 381, 387 (5th Cir. 2009), rehearing granted, 581 F.3d 275 (5th Cir. 2009), the Fifth Circuit stated that if a law enforcement officer exceeds the scope of his authority, such action does not fall within the discretionary function exception of Section 2680(a). Thus, if a law enforcement officer violates one's constitutional rights, his actions fall outside the scope of his authority and the discretionary function exception does not apply. Castro, 560 F.3d at 389. Also, Limone v. U.S., 579 F.3d 79 (1st Cir. 2009) ("It is elementary that the discretionary function exception does not immunize the government from liability for actions proscribed by federal statute or regulation. Nor does it shield conduct that transgresses the Constitution."); Denson v. U.S., 574 F.3d 1318 (11th Cir. 2009). In determining the scope of the officer's discretionary authority, the court applied the principle that, even though governmental actors have wide discretion to carry out their statutory and regulatory obligations, courts have never interpreted delegated authority so broadly as to infringe upon constitutionally protected rights and freedoms. Castro, 560 F.3d at 391.

Wright provided an affidavit (Doc. Item 6-6) detailing the fact

he watched an altercation between Devillier and inmate Anderson escalate to a two on one assault of Anderson. Wright's sworn statement notes that he contacted Special Investigative Services Staff, radioed the Operational Lieutenant, activated the Automated Verbal Warning System and compressed the air horn before determining he should fire a round at Devillier. He based his split second decision to fire the round on the fact there were two inmates who ignored the warning system and air horn and continued to repeatedly beat Anderson in the head with an unidentified weapon which resulted in extensive blood loss.

In the seconds he had to act, Wright used his judgment and balanced the safety concerns for those involved as well as other USP Pollock inmates. That exercise of judgment was within his authority as an employee. There were no mandates to follow a prescribed plan of action other than to exercise common sense and good correctional judgment in forming a reasonable determination that such force and the use of a firearm was necessary.

Moreover, Wright did not violate Devillier's constitutional rights. The use of excessive force constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hope v. Pelzer, 536 U.S. 730, 737-738, 122 S.Ct. 2508, 2514-2515 (2002). The core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Bender v. Brumley, 1 F.3d 271, 278 n.6 (5th Cir.

1993), quoting Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). In the case at bar, Wright clearly used the firearm in an attempt to restore order after other means to do so had failed. There is no indication that Wright shot Devillier out of malice.

Since Wright's actions are those which the discretionary function exception was meant to shield, and the discretionary function exception applies to this case.

2.

This court must also consider the intentional tort exception to the waiver of sovereign immunity set forth in 28 U.S.C. § 2680(h). See Sutton v. U.S., 819 F.2d 1289 (5th Cir. 1987), and cases cited therein (the breadth of the discretionary function is limited by the "law enforcement proviso" of Section 2680(h), which relinquishes sovereign immunity against claims arising out of the enumerated torts if the claim resulted from the act or omission of a federal investigative or law enforcement officer). The Fifth Circuit held, in Sutton, that, in order to give the law enforcement proviso meaningful effect, the discretionary function exception in Section 2680(a) is not an absolute bar which one must clear to proceed under Section 2680(h). The two sections must be balanced to effectuate both actions of Congress. Sutton, 819 F.2d at 1298. The Fifth Circuit remanded the Sutton case for a determination of which, if any, acts were within Section 2680(a) or Section 2680(h). See also, Cross v. U.S., 159 Fed.Appx. 572 (5th Cir. 2005)(since the

U.S. was immune from suit under the intentional tort exception to the waiver of immunity, the court did not need to consider whether the discretionary function exception applied).

Pursuant to Section 2680(h), the U.S. has waived sovereign immunity under the FTCA for claims of assault and battery (and other enumerated intentional torts) by federal law enforcement officers. Pursuant to 28 U.S.C. § 3050, BOP employees have the power to make arrests and, thus, are considered law enforcement officers for purposes of Section 2680(h). See also, Morrow v. Federal Bureau Of Prisons, 255 Fed.Appx. 378 (11th Cir. 2007).

In Castro v. U.S., 560 F.3d 381, 387 (5th Cir. 2009), the Fifth Circuit stated that it is the nature of the conduct and *not* the status of the government actor that governs whether the law enforcement proviso to the intention tort exception to the waiver of sovereign immunity applies. Therefore, the court must determine whether Wright's action, in stopping the inmates' fight by shooting Devillier, falls within the scope of law enforcement functions or security functions.

The scope of the law enforcement proviso in Section 2680(h) has been given a minimum threshold by the Fifth Circuit, and the courts have distinguished law enforcement activities from security activities, which are not included in the law enforcement proviso. In Cross v. U.S., 159 Fed.Appx. 572, 576 (5th Cir. 2005), the Fifth Circuit held that if an FTCA action for an intentional tort is not

based on an actual search, seizure of evidence, or arrest,[3] it must at minimum charge the government with wrongdoing based on "acts or omissions of investigative or law enforcement officers" while they are engaged in investigative or law enforcement activities. In Cross, 159 Fed. Appx. at 576, and in Holian v. U.S., 2009 WL 2413979 (W.D.La. 2009), the courts distinguished investigative or law enforcement activities from security activities, stating the law enforcement proviso does not apply to security activities. See Holian, 2009 WL 2413979 at *3 ("...the military guards were initially engaged in a security function when the Holian vehicle was stopped at the perimeter gate. However, that function may have ceased when Holian's son, Robert Holian, exited the vehicle. At that point, the military guards were, at least arguably, no longer simply securing the gate, but, rather, were actively engaged in the arrest of Robert Holian, a law enforcement function."). Also, Lineberry v. U.S., 2009 WL 763052 (N.D.Tex. 2009) ("Unless BOP officials were acting in an investigative or law enforcement capacity, there is no FTCA jurisdiction under the law enforcement proviso.").

---

[3] Some case law has construed Section 2680(h) to mean the assault or battery must have occurred during a search, seizure, or arrest. Knight v. Kaminski, 331 Fed.Appx. 901, 905 (3d Cir. 2009), cert. den., __S.Ct.__ (U.S. 11/2/2009); Pooler v. U.S., 787 F.2d 868, 872 (3d Cir. 1986), cert. den., 479 U.S. 849 (1986). Also, Nguyen v. U.S., 556 F.3d 1244 (11th Cir. 2009); Flechsig v. U.S., 986 F.2d 1421, *1 (6th Cir. 1993), and 991 F.2d 300 (6th Cir. 1993).

In the case at bar, Devillier has not alleged that Wright was arresting him or investigating anything, and therefore has not alleged that Wright's actions fall within the law enforcement proviso. Wright was simply acting as a prison security officer in attempting to stop an assault on an inmate. Therefore, the intentional tort exception to the waiver of sovereign immunity also applies to this suit.

Since the United States has sovereign immunity from this suit, this court lacks subject matter jurisdiction. The United States' motion to dismiss should be granted.

### Conclusion

Based on the foregoing, IT IS RECOMMENDED defendants' motion to dismiss (Doc. Item 6) be GRANTED and plaintiff's complaint be DISMISSED as this court lacks subject matter jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this ____ day of November, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE